' And the exception as contained in that further Section 4364-20c, is, substantially, that municipalities shall not have power “to regulate or prevent the selling of intoxicating liquors at retail by a regular druggist for exclusively known medicinal, pharmaceutical, mechanical or sacramental purposes.” Those sections state substantially the power, and the restriction upon that power. Under the power so granted, the village of Euclid, through its council, did, on or about June 8, 1903, pass an ordinance exercising this power, said ordinance being divided into • seven sections, and it was under the authority of this ordinance that Bramley was prosecuted and convicted.
As to the first complaint of Theodore Bramley, to-wit, that the village did not have power to enact an ordinance of this kind, the court is of opinion that the village did have power.
That brings us to the second question, which is the one about which there was a serious contest between the learned counsel representing respectively the interests of the complainant and the defendant: Did the affidavit contain facts which constitute an offense under the ordinance? I have already read the affidavit which constitutes the charge against the defendant, and it is unnecessary to repeat it. Petitioner says it is demurrable in the form in which it stands; that it is not an offense “on the first day of the week, commonly called Sunday, to allow to remain open a place where upon other days intoxicating liquors *510 are commonly sold”; that a charge in these words will not sustain a conviction; that places coming within this language are forbidden to be open on Sunday only when they do not sell intoxicating liquors for the purposes designated under Section 4364-20C) and that this affidavit, not having that exception embodied in it, charges no offense.
It is conceded by counsel, and it is clearly the law, that an affidavit of this character must contain certain exceptions and that there are other exceptions which it is not necessary for the affidavit to contain. That is, in an ordinance or in a law there may be provisos making certain exceptions. Some of these provisos must be embodied in an affidavit, and others are not necessarily embodied in it. There is no dispute between the parties as to that, and could not be under the law, and that brings us to a consideration of the things that must be embodied in the affidavit.
Argument was had between counsel as to whether or not the place in which the excepting proviso was found was of any importance; whether it is of importance that the proviso be in the enacting clause or in some other clause, and whether the fact that the offense was defined in one section of an ordinance and the proviso making exception was found in another was. significant. The court does not think that these facts make the slightest difference. It is perfectly clear that the test is,, not whether it was in the enacting clause or in some other place, and the test is not whether the offense be defined in one section and the exception be in another. It is true that in some cases cited by our Supreme Court they have said that certain courts in other states have deemed that to be material, but when we examine the cases so cited we find that is. not the test in this state, and find the test is deary laid down by our Supreme Court.
Beginning with the first and perhaps the most authoritative ease on this subject, Hirn v. State, 1 O. S., 16, the last section of the syllabus reads:
“A negative averment to the matter of an exception or proviso in a statute is not requisite in an indictment, unless the *511 matter of such exception or proviso enter into and become a part of the description of the offense, or a qualification of the language defining or creating it; but as the exception of the sale of liquor for medicinal and pharmaceutical purposes in the proviso in the first section of the law of 1851, to restrain the sale of liquor, points directly to the character of the offense, and becomes a material qualification in the statutory description of it, an indictment under this .section is defective without the negative averment.”
The substance of this is that if the matter of such exception or proviso' enter into and become a part of the description of the offense, it must be embodied in the affidavit. That is what is said in the syllabus of this case. The syllabus in 1 O. S., 16, is not the authoritative language of the whole court as it is in the later reports, but this case was reported by McCook, an able lawyer, and he doubtless knew just what the court meant to decide. There is nothing in the body of the opinion which would indicate that that was not their opinion. The court say, on page 25:
“When, therefore, the matter of the proviso or exception in the statute, whether it be embraced within what has been termed the enacting clause or not, enters into and becomes a. part of the description of the offense, or a material qualification of the language which defines or creates the offense, the negative allegation in the indictment is requisite.”
That is the substance of that case.
In Becker v. State, 8 O. S., 392, the second division of the syllabus reads:
“Said proviso forms no part of the description of the offense of violating said first section, * * * and the benefits of said proviso must be taken advantage of by the accused in mak- ' ing his defense upon the facts.
“This is in accordance with the rule laid down in Hirn v. State, 1 O. S., 24.”
In other words, if it .is no part of the description of the offense it is not necessary to put it into the affidavit; if it is a part of the- description, it is necessary.
*512 We next come to 32 O. S., 435, 2d division of the syllabus:
“A negative averment to the matter of a proviso in a statute is not requisite in an information, unless the matter of such proviso enters into and becomes a part of the description of the offense, or is a qualification of the language defining or creating it.”
And on page 437 it cites Hirn v. State, 1 O. S., 16, follows it, saying that in that case it was held that the affidavit must contain the proviso because it was descriptive of the offense, but holding that in the case then under consideration the proviso of the statute is not a part of the description of the offense.
In 55 0. S., 573, it is held, in the first division of the syllabus, that—
“The proviso contained in Section 3 of pure food laws of the state, * * * applies to the whole act, and is not descriptive of any particular offense therein defined; and, for such reason, a negative averment of facts within the proviso, is not required in an affidavit charging an offense against the act.”
Again, in 58 0. S., 676, the fourth division of the syllabus reads:
“Where an exception or proviso in a criminal statute is. a part of the description of the offense, it must be negatived by averment in the indictment in order to fully state the offense; but when its effect is merely to except specified acts or persons from the operation of the general prohibitory words of the statute, the negative averment is unnecessary.”
Do the exceptions or does the proviso contain part of the definition of the offense? That is the test in all five of these cases. If the language is a definition of the offense, then the affidavit must contain it. If it be an enumeration of acts or persons who are excepted, then the affidavit does not need to embody it. For instance, in 58 0. S., 676, it was held that under an act to regulate the practice of medicine, excepting certain persons from the operation of that law, these exceptions need not be negatived in the affidavit; likewise, in 32 0. S., 435, it was held that, where a certain person was charged with performing common labor on the Sabbath day, it is not nee *513 essary to negative the exception excepting persons who observe the seventh day of the week as Sabbath from the operation of that law.
Thus far we are perhaps now all agreed. There is perhaps no great difference of opinion between council as to the power of the village to pass that ordinance. Further, we are perhaps agreed that the affidavit must contain the'proviso, if the proviso is a part of the definition of the offense; but if the proviso be an exception of certain persons, the negative averment is unnecessary. The whole offense must be charged in the affidavit. Whether that be found in one section- or in several sections, in the enacting clause or some other clause, is of no importance whatever. If it be part of the definition of the offense it must be contained in the affidavit. Thus far the matter has not given much trouble.
This brings us to the final question in this case: Is the exception contained in Section 4364-20c part of the definition of the offense? The offense charged in the affidavit is that Theodore Bramley “did, on the first day of the week, commonly called Sunday, allow to remain open his place where upon other days intoxicating liquors are commonly sold.” So far as this affidavit throws light upon this subject, that may have been a drug store and Bramley may have been a druggist, and he may have sold liquors at all times for medicinal, pharmaceutical and the other purposes enumerated in the section which makes the exceptions. The description of the offense for which Bramley could be punished is not contained in this affidavit. The offense for which it is sought to punish him was that he allowed his place, which, in plain words, was not a drug store but was a saloon and which was kept open on the six week days, as we commonly call them, to remain open also on Sunday. The affidavit, this court is of opinion, should contain that exception. The exception is part of the definition of the offense. He allowed his business place to be left open. His business place was one in which on week day liquor was sold. Further, it was not a place where liquor was sold for the purposes for which druggists sell it. It was ■& saloon. The affi *514 davit charging the offense should contain all these facts. It did not contain them. No conviction could be had under it. The prisoner is discharged. Defendant in error excepts.
Hart, Canfield & Croke, for plaintiff.
P. H. Kaiser, for defendant.